Lincoln D. Bandlow, Esq. (CA #170449)
Fox Rothschild LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.: (310) 598-4150
Fax: (310) 556-9828
lbandlow@foxrothschild.com

*Attorneys for Plaintiff*
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case No.: 3:18-cv-01219-LB |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS THE CROSS CLAIM BROUGHT BY DEFENDANT'S WIFE FOR DECLARATORY RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| [REDACTED], | |
| Defendant. | Date: Thursday, September 27, 2018 Time: 9:30 a.m. Place: Courtroom C - 15th Floor Honorable Laurel Beeler |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 27, 2018, at 9:30 a.m. in Courtroom C of the above-captioned Court, before the Honorable Laurel Beeler, Plaintiff, Strike 3 Holdings, LLC, will and hereby does move the Court pursuant Fed. R. Civ. P. 12(b)(6) for an Order dismissing the Cross Claim for declaratory relief brought by the Cross-Plaintiff, who is Defendant's wife, for failure to state a claim.

This application is based upon this Notice; the attached Memorandum of Points and Authorities; all pleadings and evidence on file in this matter; and such additional evidence or arguments as may be accepted by the Court.

Date: August 17, 2018

FOX ROTHSCHILD LLP

Respectfully submitted,

By: /s/ Lincoln Bandlow
Lincoln Bandlow, Esq.
FOX ROTHSCHILD LLP

*Attorney for Plaintiff*
Strike 3 Holdings, LLC

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

1

## **TABLE OF CONTENTS**

2   I.   INTRODUCTION ................................................................................................1

3   II.  FACTS ................................................................................................................1

4   III. LEGAL STANDARD..........................................................................................2

5   IV. ARGUMENT ......................................................................................................3

6       A.  Cross-Plaintiff Fails to State a Particularized Injury Involving Strike 3..........5

7       B.  Cross-Plaintiff's Abstract and Hypothetical Injury Lacks Concreteness..........7

8       C.  There Can Be No Case and Controversy Between Cross-Plaintiff and the Roe Entities

9            Concerning Infringement ...............................................................9

10  V.  CONCLUSION ................................................................................................10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Cases**

*Adobe Sys. Inc. v. Kornrumpf*, 780 F. Supp. 2d 988, 992 (N.D. Cal. 2011) .................................4

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S. Ct. 461, 464, 81 L. Ed. 617 (1937) ........................................................................................................................4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ..........................................................................2, 3

*Atl. Recording Corp. v. Serrano*, No. CV 07-1824 W (JMA) (S.D. Cal. Dec. 27, 2007) ............3

*Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 983–84 (N.D. Cal. 2011) .................10

*Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 779 (9th Cir. 2018) ....................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................................3

*BWP Media USA Inc. v. Death Adders Inc.*, No. CV 13-4435 (ENV), 2015 WL 13653968 (E.D.N.Y. Apr. 6, 2015) ..........................................................................................................7

*Chavez v. Superior Court of California Cty. of Alameda*, No. CV 17-06481-LB, 2018 WL 3304642 (N.D. Cal. July 5, 2018) ...........................................................................................2

*Clark v. City of Seattle*, No. CV 17-35693, 2018 WL 3763527 (9th Cir. Aug. 9, 2018) .............4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ..............................................................................................5

*Glacier Films (USA), Inc. v. Turchin*, No. CV 16-35688, 2018 WL 3542839 (9th Cir. July 24, 2018) ...............................................................................................................................3, 7, 9

Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222–23 (9th Cir.1998) .............................4

*Hal Roach Studios v. Richard Feiner & Co.,* 883 F.2d 1429 (9th Cir. 1989) .....................3, 5, 6

*Hunter Eng'g Co.*, 655 F.2d at 944 .............................................................................................6

*Japan Gas Lighter Assoc. v. Ronson Corp.*, 257 F.Supp. 219, 237 (D.N.J. 1966) .....................6

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ............5

*Lujan*, 504 U.S. at 560 n.1, 112 S.Ct. 2130) ...............................................................................5

*Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017) ...................................4

ii

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S. Ct. 764, 770–71, 166 L. Ed. 2d 604 (2007) ........................................................................................................3, 4

*Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S. Ct. 580, 582, 7 L. Ed. 2d 604 (1962) ..........................................................................................................................4

*Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) .........................................5, 6

*Shloss v. Sweeney*, 515 F. Supp. 2d 1068, 1077 (N.D. Cal. 2007)...........................................6

*Societe de Conditionnement en Aluminium v. Hunter Eng'g Co*., 655 F.2d 938, 942 (9th Cir. 1981) ....................................................................................................................4

*Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 500 (1st Cir. 2011) ..............................9

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1545, 194 L.Ed.2d 635 (2016) ..................................5, 7

*Strike 3 Holdings, LLC v. Doe*, No. CV 18-988-WQH(WVG), 2018 WL 3870022 (S.D. Cal. Aug. 15, 2018) ...................................................................................................................1

*Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).................8

*Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1195 (9th Cir. 2017) ..........................................6

*Twombly. Roberts v. Gainsforth*, No. CV 14-07595 (ABV)(BKX), 2014 WL 12596584 (C.D. Cal. Nov. 24, 2014) .................................................................................................9

*Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1269–70 (S.D. Cal. 2007) ...........................................................................................................................7

*Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).................5

*Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) ......................................................8

*Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1546 (N.D. Cal. 1990).....................5

**Statutes**

28 U.S.C. § 2201 ..........................................................................................................5

28 U.S.C. § 2201(a) ......................................................................................................3

iii

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Dismiss Cross Claim for Declaratory Relief Brought By Defendant's Wife

Case No. 3:18-cv-01219-LB

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................1

Fed. R. Civ. P. 8(a)(2) ....................................................................................2

Rule 12(b)(1) ...................................................................................................5

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Dismiss Cross Claim for Declaratory Relief Brought By Defendant's Wife

Case No. 3:18-cv-01219-LB

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") hereby respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the Cross Claim for Declaratory Relief brought by Defendant's Wife.

### I.    INTRODUCTION

A review of the Cross Claim for Declaratory Relief brought by Defendant's wife immediately prompts a question: was Defendant's counsel wearing a tin-foil hat when he wrote it?  It is rife with false and improper distortions of Plaintiff's lawsuit, serving no other purpose (other than Defendant's counsel taking a crack at science fiction writing) than to distract from the facts and confuse the issues that are actually pertinent to this case.  It maps out a sprawling fantasy featuring what the pleading coins an "Internet Copyright Litigation Entity" or "ICLE" as the purported antagonist.  This amounts to nothing more than conspiracy theories with no facts tied to Strike 3 other than an improper guilt by association claim derived from completely unrelated litigation.  Importantly, Defendant's wife fails to show any real or reasonable likelihood that she will be named in any lawsuit from Strike 3 and therefore she fails to state a justiciable controversy.  Thus, the Cross Claim should be dismissed so that this case can return from this short field trip to crazy town and back to the real world of litigating an extremely straightforward copyright infringement action against Defendant who is a rampant downloader (read "thief") of other people's copyrighted content.

### II.    FACTS

Plaintiff's lawsuit is a simple case for copyright infringement with a minor hitch: Strike 3 did not initially know the identity of the Defendant other than by an IP address.  "One situation in which early discovery may be necessary appears in cases in which the defendant's identity cannot be determined at the time the action is commenced."  *Strike 3 Holdings, LLC v. Doe*, No. CV 18-988-WQH(WVG), 2018 WL 3870022, at *1 (S.D. Cal. Aug. 15, 2018).

In this case, the Internet Service Provider ("ISP") returned Defendant's wife's name and address to Plaintiff as the subscriber of the infringing IP address.  Plaintiff then conducted an

1

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Dismiss Cross Claim for Declaratory Relief Brought By Defendant's Wife

Case No. 3:18-cv-01219-LB

investigation to determine who was responsible for the infringement of its movies.  *See* Dkt. 16, at ¶¶ 33–37.  Based on this investigation, Strike 3 determined that that the items from its investigator's download report appeared to clearly correlate not to Defendant's wife, but to her husband – who is now the named Defendant in this action.[1]  Thus, Strike 3 amended its complaint, removing the subscriber's information, and adding Defendant.  *See id.*  Apparently, having never been specifically named in the original complaint (only an IP address was named), and having clearly not been sued in the First Amended Complaint, Cross-Plaintiff nonetheless filed a cross-claim for a declaration that she is not an infringer – in a case in which nobody contends she is an infringer.  That cross-claim is meritless and was simply a vehicle for Defendant and his counsel to go off on a wild, unsupported and meritless conspiracy theory tangent.  It should be dismissed.

## III.   LEGAL STANDARD

A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief' to give the defendant 'fair notice' of what the claims are and the grounds upon which they rest."  *See Chavez v. Superior Court of California Cty. of Alameda*, No. CV 17-06481-LB, 2018 WL 3304642, at *3 (N.D. Cal. July 5, 2018) (citing Fed. R. Civ. P. 8(a)(2)).  "To survive a motion to dismiss, a [claim] must contain sufficient factual allegations that, when accepted as true, 'state a claim to relief that is plausible on its face.'"  *Id.* (citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  But the claim cannot rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] The Answer unfairly truncates the evidence that Strike 3's First Amended Complaint presents as supporting its reasons for naming Defendant in this action and not his wife, Cross-Plaintiff.  *See* Dkt. 23, at ¶¶ 73–78.  Strike 3 reviewed the download report, found that the items downloaded from the offending IP address corresponded with Defendant's interests and hobbies, and named him rather than her.

2

678 (2009) (citations omitted).  "Factual allegations must be enough to raise a claim for relief

above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citations omitted).  "Where a [claim] pleads facts that are merely consistent with a [party]'s

liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citation and internal quotations omitted).  Although Cross-Plaintiff

spuriously attempts to connect the facts of the present case to theories and facts of cases

concerning other parties, "individual cases . . . deserve to be judged on their own merits and not

saddled with a blanket indictment against peer-to-peer copyright litigation."  *Glacier Films

(USA), Inc. v. Turchin*, No. CV 16-35688, 2018 WL 3542839, at *3 (9th Cir. July 24, 2018).

## IV.   ARGUMENT

"Numerous courts have dismissed declaratory relief [claims] in electronic copyright

infringement actions where the question of whether defendant infringed plaintiff's rights will be

decided by plaintiff's claim."  *Atl. Recording Corp. v. Serrano*, No. CV 07-1824 W (JMA), at

*11 (S.D. Cal. Dec. 27, 2007).  Cross-Plaintiff lacks standing to raise a claim for declaratory

judgment and also does not state a plausible claim for relief.  Specifically, Cross-Plaintiff does

not, nor can she, present an Article III injury adequate to support a freestanding action for

declaratory relief.  The Answer fails to account for any actions Strike 3 has taken that would

give Cross-Plaintiff a "real and reasonable apprehension that [s]he will be subject to liability,"

see *Hal Roach Studios v. Richard Feiner & Co.,* 883 F.2d 1429 (9th Cir. 1989), and, instead,

rests on baseless speculation.  The lack of a justiciable issue is not only fatal to Cross-Plaintiff's

claim as a matter of standing, it washes over into the plausibility of Cross-Plaintiff's pleadings,

highlighting its failure to pass *Twombly* scrutiny.

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within

its jurisdiction . . . any court of the United States . . . may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further relief is or

could be sought."  *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 126, 127 S. Ct. 764, 770–

71, 166 L. Ed. 2d 604 (2007) (quoting 28 U.S.C. § 2201(a)).  "The 'actual controversy'

3

requirement of the Act is the same as the 'case or controversy' requirement of Article III of the United States Constitution." *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981) (citation omitted).  Thus the Declaratory Judgement Act requires the same "showing of justiciability [as] the Constitution . . . ." *See id.*2

"A 'controversy' in this sense must be one that is appropriate for judicial determination" that is, "[a] justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character" and "must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S. Ct. 461, 464, 81 L. Ed. 617 (1937) (citations omitted) (emphasis supplied); *see also MedImmune*, 549 U.S. at 127 (noting the controversy must be "admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts") (internal punctuation and citations omitted).  Where there is no such concrete controversy and there is no injury in fact, as here, the controversy is unripe and lacks justiciability.  *See Clark v. City of Seattle*, No. CV 17-35693, 2018 WL 3763527, at *5 (9th Cir. Aug. 9, 2018) ("For a case to be ripe, it must present issues that are 'definite and concrete, not hypothetical or abstract.'") (citation omitted).

"[R]ipeness is 'peculiarly a question of timing,' designed to 'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements'" by requiring an injury in fact.  *Id.* at *4 (citation omitted).

---

2 Even "[i]f an actual case or controversy exists, a court has discretion to assert jurisdiction over a declaratory judgment claim." *Adobe Sys. Inc. v. Kornrumpf*, 780 F. Supp. 2d 988, 992 (N.D. Cal. 2011) (citing *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1222–23 (9th Cir.1998)).  The courts' discretion is highly deferential.  *See Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S. Ct. 580, 582, 7 L. Ed. 2d 604 (1962) ("The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.") (citations omitted).  For example, in a BitTorrent copyright litigation similar to this one, the Sixth Circuit affirmed the district court's dismissal of a similarly situated defendant's counterclaim for declaratory relief as "redundant" and for not serving "a useful purpose." *See Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017).

4

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Dismiss Cross Claim for Declaratory Relief Brought By Defendant's Wife

Case No. 3:18-cv-01219-LB

A "plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)). "[T]he injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete and particularized.'" *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1545, 194 L.Ed.2d 635 (2016) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1, 112 S.Ct. 2130). For an injury to be concrete, it must "'actually exist[ ]'; in other words, it is 'real, and not abstract.'" *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 779 (9th Cir. 2018) (quoting *Spokeo*, 136 S.Ct. at 1548).

*Id.* at *5. For the reasons explained below, Cross-Plaintiff has not pleaded an Article III injury and its conterminous standing. "Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007).

### A.   Cross-Plaintiff Fails to State a Particularized Injury Involving Strike 3

"The Ninth Circuit has held that an action for declaratory judgment involving . . . infringement of a copyright presents a justiciable case or controversy *if the [plaintiff]'s actions have caused the [defendant] to harbor a "real and reasonable apprehension that he will be subject to liability . . . ."* *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1546 (N.D. Cal. 1990) (quoting *Hal Roach Studios v. Richard Feiner & Co.*, 883 F.2d 1429 (9th Cir. 1989) (emphasis supplied)). Thus, Cross-Plaintiff's alleged injurious conduct must be particularized. "For an injury to be 'particularized,' it 'must affect the [defendant] in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (citations omitted).

Cross-Plaintiff does not link Strike 3's pursuit of other infringers (including her husband) to a reasonable fear that *she* will be pursued in some future litigation. Indeed, "[i]n applying this [real and reasonable apprehension] standard, we focus upon the position and perceptions of [Cross-Plaintiff], declining to identify specific acts or intentions of [Plaintiff] that would automatically constitute a threat of litigation." *Rhoades*, 504 F.3d at 1157. Cross-

5

1    Plaintiff has not pointed to a single fact involving Strike 3 that would give rise to a reasonable

2    fear of future litigation.  Strike 3 has not, beyond its initial filing of this case, indicated that it

3    intends to pursue Cross-Plaintiff in any manner.

4           Strike 3 has not sent a "claim letter," *see e.g,*, *Twentieth Century Fox Television a*

5    *division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1195

6    (9th Cir. 2017); a threatening phone call, *see e.g.*, *Hunter Eng'g Co.*, 655 F.2d at 944; or any

7    other indicia that it will pursue Cross-Plaintiff in the future.  Moreover, Strike 3 and Cross-

8    Plaintiff do not share a mutual distribution, licensing, *see e.g.*, *Shloss v. Sweeney*, 515 F. Supp.

9    2d 1068, 1077 (N.D. Cal. 2007); or successor relationship that would situationally proximate

10   the parties' interests such that a future dispute would be reasonably imminent.  *See e.g.*, *Hal*

11   *Roach Studios,*, 896 F.2d at 1550 (finding that the party's fear was based on whether "he

12   continues to manufacture his product" that used the protected material).  "The Declaratory

13   Judgment Act was designed to relieve potential defendants from the Damoclean threat of

14   impending litigation which a harassing adversary might brandish, while initiating suit at his

15   leisure or never. The Act permits parties so situated to forestall the accrual of potential damages

16   by suing for a declaratory judgment, once the adverse positions have crystallized and the

17   conflict of interests *is real and immediate*."  *Hunter Eng'g Co.*, 655 F.2d at 943 (quoting *Japan*

18   *Gas Lighter Assoc. v. Ronson Corp.*, 257 F.Supp. 219, 237 (D.N.J. 1966)).

19          Prior to this lawsuit, both Strike 3 and Cross-Plaintiff were strangers when they met.

20   Strike 3 had to request leave for early discovery to uncover Cross-Plaintiff's identity.  *See* Dkt.

21   5.  Once Strike 3 received information back from the ISP, Strike 3 conducted a further

22   investigation and determined that although the IP address was in Cross-Plaintiff's name, it

23   appeared clear that the actual infringement was being done by someone else in the house,

24   namely, Cross-Plaintiff's husband, the Defendant.  Thus, Strike 3 clearly decided *not* to sue

25   Cross-Plaintiff, but to sue her husband and thus named and served Defendant, removing Cross-

26   Plaintiff from this litigation.  Strike 3 has not communicated nor indicated, in any manner, that

27   it will pursue any claims against her after this case resolves or at any other time.  She is not

28                                                              6

1    even a party to the present litigation.  The fear is neither real nor reasonable.  Thus, Cross-

2    Plaintiff is left only with a generalized anxiety about some future suit.[3]  The concern that others

3    are being sued for infringement is not a particularized injury because it does not affect Cross-

4    Plaintiff "in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548.[4]  This general injury

5    presents additional deficiencies in Defendant's claim as well.

      **B.    Cross-Plaintiff's Abstract and Hypothetical Injury Lacks Concreteness**

7         "Particularization is necessary to establish injury in fact, but it is not sufficient.  An

8    injury in fact must also be 'concrete.'"  *Spokeo*, 136 S. Ct. at 1548.  The injury Cross-Plaintiff

9    describes is not concrete, actual or imminent.  "A 'concrete' injury must be '*de facto*'; that is, it

---

[3] The Answer takes one of its many strange turns when it notes that in "any individual case" for infringement over the BitTorrent network "plaintiffs' activities might conceivably be excused as merely aggressive litigation tactics . . . not quite calling for sanction," but then veering off, noting that if this legitimate action is repeated "thousands of times" that "it is clear that the abuses are not isolated incidents or accidents."  Dkt. 23, at ¶ 49.  It is not clear what abuses Cross-Plaintiff is referring to, nor why the repetition of a proper action magically transforms that action into an abusive one. "The fact that a plaintiff may pursue numerous justifiable claims does not by dint of number convert any of them into an abusive claim."  *BWP Media USA Inc. v. Death Adders Inc.*, No. CV 13-4435 (ENV), 2015 WL 13653968, at *2 (E.D.N.Y. Apr. 6, 2015) ("The sheer volume of suits should not preordain a court's fee determination in any one suit."); *see also Glacier Films (USA), Inc. v. Turchin*, No. CV 16-35688, 2018 WL 3542839, at *3 (9th Cir. July 24, 2018).  As the Answer points out: "It is certain that some people – knowingly or unknowingly – commit copyright infringement during their online activities. And it is certain that some rightsholders are adversely affected by such infringement."  *See id.* at ¶ 44.  Therefore, it is not only appropriate but reasonable that Strike 3, whose motion pictures are infringed by thousands of BitTorrent peers, would take up such a supposedly "aggressive" posture.

[4] The requirement that an alleged injury be real and particularized to the parties is especially crucial in the hyperconnected online environment on which Cross-Plaintiff and Plaintiff find this litigation.  If a party like Cross-Plaintiff can drag a rightsholder into court on just the basis that she can access the works and would like a declaration of her rights that she is not an infringer, this would turn the adversarial model on its ear.  Rightsholders would be forced to essentially pre-litigate any copyright claim, even if never having interacted with the party seeking declaratory relief.  *See e.g.*, *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1269–70 (S.D. Cal. 2007) ("Such a declaration's effect on each one of [Plaintiff]'s copyrights would be uncertain enough; the effect on all other copyright holders not before the Court would be even more nebulous.").  This model would saddle content creators with incalculable risks and costs, and would impede the "promot[ion of] the progress of science and useful arts."  U.S. CONST. art. 1, ¶ 8, cl. 8.

must actually exist.  When [the Supreme Court] have used the adjective 'concrete,' [the Court has] meant to convey the usual meaning of the term 'real,' and not 'abstract.'" *Id.*  This doctrine steps closely with standing under the ripeness doctrine.  "The doctrine [of standing] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* at 1547.  "A claim is not ripe for judicial resolution 'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

Despite Cross-Plaintiff's unsubstantiated and wild conspiracy theories, at the end of the day, Cross-Plaintiff only alleges that Strike 3 "has pursued infringement claims against hundreds of other, similarly-situated Internet subscribers" and hence she "has a well-founded and credible fear of being subjected to *further baseless litigation associated with the present matter.*" Dkt. 23, ¶¶ 95–96 (emphasis supplied).  To the contrary, this farfetched "fear" is unsubstantiated.

Cross-Plaintiff makes a series of conjectures explaining what harms an ICLE (not Strike 3) may subject a defendant to.  Examples include:

- Some ICLEs may unduly embarrass defendants by naming them publicly. *See e.g.*, Dkt. 23, at ¶ 60.

Associating this statement with Strike 3's actions in this case is absurd.  Strike 3 has never revealed Defendant's or Cross-Plaintiff's identity to the public.  In fact, Strike 3 has done just the opposite:  it voluntarily requested a protective order for them before they ever even appeared in this action. *See* Dkt. 11.

- Some ICLEs may not negotiate in good faith, evinced here by Plaintiff's rejection of Defendant's Offer of Judgment. *See* Dkt. 28, ¶¶68–72.

Cross-Plaintiff utterly fails to explain how rejecting an Offer of Judgment prior to even serving Defendant equates to negotiating in bad faith.  Moreover, as part of the "blanket indictment" of BitTorrent litigation, the Cross-Claim derides rightsholders generally for

8

concluding cases early, only to lament a few sentences later that Strike 3's refusal to accept Defendant's Offer of Judgment constitutes bad faith negotiations.  *Compare id.*, ¶¶ 60–61 *with id.* ¶¶ 69–72.  Cross-Plaintiff's "duty to immediately accept any and all offers of judgment" theory is absurd.

- Some ICLE models of mass BitTorrent infringement litigation are improper.

The Ninth Circuit recently rejected this "some people in other lawsuits like this are bad" nonsense argument.  Thus, an individual client cannot be penalized for the tactics in other cases. *Turchin*, No. CV 16-35688, 2018 WL 3542839 at *3.  Moreover, to the extent that Cross-Plaintiff would like to indict this type of suit generally, it is unavailing.  "'Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement' and 'contemplate[d] that suits like this were within the Act.'"  *Id.* at *6 (quoting *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 500 (1st Cir. 2011)).

After all this, the only way Cross-Plaintiff actually links Strike 3 to the delusory ICLE is with the conclusory statement: "The present suit is an ICLE lawsuit pursued by STRIKE 3 and its co-ventures substantially in accordance with the model described above."  Dkt. 23, ¶ 62.  As outlined above, these wide-ranging (and entirely made up out of thin air) grievances are not germane to the case at bar, and do not form a concrete case and controversy.  Since all of Defendant's "harms" are alleged generally and without facts, it is insufficient for standing because, a "general allegation of an 'actual controversy'" does not satisfy the pleading requirements of Rule 8(a)" under *Twombly*.  *Roberts v. Gainsforth*, No. CV 14-07595 (ABV)(BKX), 2014 WL 12596584, at *8 (C.D. Cal. Nov. 24, 2014).

## C.  There Can Be No Case and Controversy Between Cross-Plaintiff and the Roe Entities Concerning Infringement

In furtherance of the absurdity of the action, the Cross Claim also names unknown cross-defendant "ROEs" as parties to Cross-Plaintiff's claim for declaration of non-infringement.  The ROEs consist of parties that do not own the copyrights at dispute.  They are

9

also not beneficial owners, licensees, or anyone that would have a stake in the copyright itself.
*Cf. Veoh Networks*, 522 F. Supp. 2d at 1269–70.  It is inconceivable how they could possibly be
defendants in a suit for declaratory relief of non-infringement.  *See e.g. Barnes & Noble, Inc. v.
LSI Corp.*, 823 F. Supp. 2d 980, 983–84 (N.D. Cal. 2011) ("In a case brought as a declaratory
relief claim, a district court must dismiss the complaint where the party sued is neither the
patent owner or the exclusive licensee of the patent owner.")

Indeed, it is impossible for this Court to resolve a legal relationship between Strike 3 and
Cross-Plaintiff through an action involving third-parties that do not possess the copyright.  As a
result, Cross-Plaintiff also lacks standing to bring her declaratory relief claim against these
entities.

## V.    CONCLUSION

After stripping away the unhinged crazy allegations, Cross-Plaintiff seeks a declaration
that she did not infringe copyrights that nobody is saying she infringed.  Her Cross-Claim is
entirely lacking in merit.  For the foregoing reasons, Strike 3 respectfully requests that this
Court dismiss Cross-Plaintiff's claim for a declaratory relief.


Date: August 17, 2018                          FOX ROTHSCHILD LLP

                                               Respectfully submitted,


                                               By:
                                               Lincoln Bandlow, Esq.
                                               FOX ROTHSCHILD LLP

                                               *Attorney for Plaintiff*
                                               Strike 3 Holdings, LLC