Lincoln D. Bandlow, Esq. (CA #170449)
Fox Rothschild LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.: (310) 598-4150
Fax: (310) 556-9828
lbandlow@foxrothschild.com

*Attorneys for Plaintiff*
Strike 3 Holdings, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STRIKE 3 HOLDINGS, LLC<br><br>Plaintiff(s),<br><br>vs.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.241.236.145<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case Number: 3:18-cv-01219-EMC

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

    The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

    1.  Jurisdiction & Service

    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (district courts having subject matter jurisdiction over matters dealing with a federal question) and 28 U.S.C. § 1338 (district courts having subject matter jurisdiction over matters dealing with patents, copyrights, and trademarks). No issues regarding personal jurisdiction or venue exist. No parties remain to be served.

1

2. Facts

Plaintiff has sued Defendant for direct copyright infringement of twenty-nine (29) copyrighted movies, pursuant to 17 U.S.C. §§ 106 & 501, based on allegations of Defendant's illegal downloading and distributing of Plaintiff's works through the BitTorrent Network. The ISP Comcast Cable was able to identify Defendant's wife as the subscriber of IP address 73.241.236.145 and Plaintiff subsequently determined that discovery will likely show that Defendant is the infringer.  Defendant denies downloading, copying or distributing the movies, or any of them; and denies (due to lack of knowledge) that Plaintiff owns any enforceable rights in the movies.

3. Legal Issues

Plaintiff is asserting claims for direct copyright infringement against Defendant for downloading and distributing its films on the Internet. Plaintiff alleges that Defendant infringed 29 of its motion pictures through the BitTorrent network.  As for Defendant's statement below regarding *Cobbler*, it reflects a profoundly incorrect reading and understanding of that decision.

Defendant denies that Plaintiff has stated a cognizable claim under recent binding, on-point Ninth Circuit authority, *Cobbler Nevada LLC v. Gonzales*, 17-35041 decided 27 August 2018 (after Defendant was obliged to file his answer).  Defendant expects to file a motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings in view of Plaintiff's acknowledgement that it merely believes "discovery will likely show" infringement, and the insufficiency of such a belief in stating a claim in this Court.

4. Motions

On March 1, 2018, Plaintiff filed an Ex Parte Application For Leave To Serve A Third Party Subpoena Prior To A Rule 26(f) Conference.  The Court granted this motion. Dkt. No. 7. Plaintiff filed an Ex Parte Administrative Motion to File Under Seal First Amended Complaint And Proposed Summons And For An Extension of The Limited Protective Order filed. This too, was granted. Dkt. 14. Plaintiff also filed an Ex Parte Application For Extension Of Time Within Which To Effectuate Service On John Doe Defendant.  This motion was granted.  Plaintiff filed a Motion to Dismiss Cross-Claim.  And, Defendant filed a Motion for Extension of Time to File

2

Response/Reply to Plaintiff's Motion to Dismiss Cross-Claim.  On September 6, 2018, Plaintiff executed a Covenant Not To Sue Cross-Plaintiff.  And on September 7, 2018, in light of Plaintiff's Covenant Not to Sue, Cross-Plaintiff filed a Notice of Voluntary Dismissal of Cross-Claim for Declaratory Judgment.  Accordingly, at this time, the only pending motions are Plaintiff's Motion to Dismiss Cross-Claim and Defendant's Motion for Extension of Time to File Response/Reply to Plaintiff's Motion to Dismiss Cross-Claim.  However, both Motions are now moot.

5.   <u>Amendment of Pleadings</u>

If needed, the parties will file motions to amends the pleadings and add parties on or before December 26, 2018.

6.   <u>Evidence Preservation</u>

Plaintiff anticipates that the claims or defenses in this matter will involve the production and examination of Electronically Stored Information ("ESI").  The parties agree that their preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration.  Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of ESI reasonably related to this litigation in Defendant's possession, custody, or control.  In light of the allegations of direct copyright infringement through the use of BitTorrent (a software which can easily be used on various electronic devices), Plaintiff's position is that the following must be preserved:

- Defendant's laptops, desktops, tablets, mobile phones, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives").  Defendant can achieve preservation by retaining an expert to create forensically sound images of Defendant's Hard Drives or, in the alternative, not

3

turn on, use, or alter his computer hard drives until after an expert creates a forensically sound image of each Hard Drive.  This prohibition should include, but is not limited to, engaging in any of the following activities: (1) deleting any data within any of Defendant's Hard Drives; (2) using data shredding, overwriting, or wiping applications; (3) defragmenting any Hard Drives; (4) replacing drives; (5) compressing a Hard Drive; (6) deleting internet cookies; (7) deleting browser history and favorites; (8) running any "disk clean-up" processes; (9) installing and uninstalling software on any Hard Drive; (10) updating an operating system on any Hard Drive; and/or (11) taking any actions inconsistent with Defendant's ESI preservation obligations.  To the best of Plaintiff's knowledge, the cost of imaging a hard drive ranges between $600-$1000 per device;

- All contents on any third-party cloud storage services used in Defendant's residence, such as: Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

- Defendant's modem and router used in his home during the period of recorded infringement.

- All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant regarding copyright infringement occurring on Defendant's internet account.  This includes emails, notifications, or correspondence sent to Defendant pursuant to, what was previously known as, the ISP's Copyright Alert System ("CAS"), and the Digital Millennium Copyright Act ("DMCA").

In discovery, Plaintiff will be requesting complete forensically sound copies of Defendant's Hard Drives.  Plaintiff's position is that the forensically sound images should be created by a computer professional or Plaintiff's expert and produced in EnCase .E01 file or RAW image format.  It is Plaintiff's position that Defendant is responsible for the cost of

4

duplicating the Hard Drives.  Plaintiff will however agree to pay the cost of Hard Drive examination.  If examination of Defendant's Hard Drives reveals evidence of spoliation, examination may further include the restoration or recovery of deleted files or fragments. Nothing in this plan precludes Plaintiff from an award of costs should it succeed at trial.

Defendant acknowledges his obligation to preserve relevant evidence, including computer data, and has taken steps to do so.  He denies that Plaintiff's extensive discovery proposed above is appropriate in view of the scope and purpose of the rules governing such, and in view of the nature of the rights at issue in this action.  In particular, Defendant will oppose Plaintiff's attempt to obtain full copies of all of his "laptops, desktops, tablets, mobile phones, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives")" as well as "[a]ll contents on any third-party cloud storage services."  Such intrusive discovery is not warranted, and is intended to intimidate Defendant, particularly in view of the prurient nature of the material alleged to have been copied.

Plaintiff will be producing: (a) PCAPs; (b) .torrent files; (c) control copies of the copyrighted works which correlate to each of the infringing files downloaded and distributed by Defendant; (d) Additional Evidence of Third-Party downloads; (e) the infringing copies (as distributed by Defendant) of each copyrighted work; (f) capture log file.  The PCAPs, .torrent files, the infringing copies, and control copies will be produced in their native format and sent to defense counsel on a USB drive or through access to a cloud-based account.  All other documents will be produced in readable form, either in excel (.xls) or PDF form.

7. Disclosures

The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1) but will do so by no later than December 19, 2018.

8. Discovery

Plaintiff: To date, the only discovery taken is Plaintiff subpoena to the ISP for the production of subscriber's identifying information. Plaintiff will seek additional discovery with

respect to all allegations contained in the Complaint and any amendments thereto, and Defendant's Answer and Affirmative Defenses. Plaintiff will request a copy of Defendant's hard drives and information pertaining to the wireless Internet and router at his residence.  This will enable Plaintiff to determine who may have had access to his Internet and whether the infringing files, or other files relating to the BitTorrent network, are on Defendant's computer devices.  Plaintiff will also seek additional discovery from the Internet Service Provider for any copyright notices that Defendant may have received during the time of infringement, along with any other IP addresses Defendant may have been assigned.  Plaintiff will seek third party discovery from other copyright holders that may have sent notices concerning Defendant's IP address as well.

Defendant expects to request the PCAP files that Plaintiff mentions, as well as all written documentation relating to the registration, ownership and licensing of the movies. Defendant will seek to obtain the computer programs which allegedly collected the network evidence of downloading, as well as evidence that would show cotemporaneous interactions between a computer using Defendant's IP address and other computers which participated in the same BitTorrent activity.  Finally, Defendant will request subpoenas, subpoena returns, and copies of all correspondence between other individuals accused of downloading the movies within several days of the days during which Defendant is accused, as these other individuals may be jointly and severally liable, may have satisfied Plaintiff's maximum recovery through their payments, or may have otherwise settled Plaintiff's claims in a way that relieves Defendant of any liability to which he would otherwise be exposed.

9. <u>Class Actions</u>

Not Applicable.

10. <u>Related Cases</u>

There are no related cases.

11. <u>Relief</u>

Plaintiff:   In its Complaint, Plaintiff requests that the Court: (A) Permanently enjoin Defendant from continuing to infringe Plaintiff's copyrighted Works; (B) Order that Defendant

delete and permanently remove the digital media files relating to Plaintiff's Works from each of the computers under Defendant's possession, custody or control; (C) Order that Defendant delete and permanently remove the infringing copies of the Works Defendant has on computers under Defendant's possession, custody or control; (D) Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504(a) and (c); (E) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and (F) Grant Plaintiff any other and further relief this Court deems just and proper.  Plaintiff alleges that Defendant infringed twenty-nine (29) of its copyrighted works.  If liability is established, pursuant to 17 U.S.C. § 504(a) and (c), Plaintiff is entitled to "a sum of not less than $750[,]" "to a sum of not more than $150,000" for each work infringed.

Defendant:

Defendant will seek his costs and reasonable attorney fees under 17 U.S.C. § 505, as these fees are equally available to a prevailing defendant.

12. Settlement and ADR

The parties will discuss the possibility of settlement in this case. If a settlement is reached, the parties will promptly notify the Court of such.

The Parties both agree to Early Neutral Evaluation (ENE) (ADR L.R. 5)

13. Consent to Magistrate Judge For All Purposes

Plaintiff consents to have a United States Magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

Defendant does not consent to have a United States Magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

14. Other References

None.

15. Narrowing of Issues

None.

16. Expedited Trial Procedure

Plaintiff does not believe that this matter is appropriate for expedited trial procedure.

7

17. Scheduling

Completion of initial ADR Session: The presumptive deadline (90 days from the date of the order referring the case to ADR).

Plaintiff's Expert Reports Due on: May 13, 2019

Defendant's Expert Reports due on: June 12, 2019

Deadline for Expert Depositions: July 12, 2019

Completion of All Discovery: August 12, 2019

Dispositive Motions will be filed no later than thirty [30] days after the close of discovery.

Pre-Trial Conference: October 14, 2019

TRIAL: November 12, 2019

18. Trial

Plaintiff requested a trial by jury and anticipates that the length of trial will be 3 days.

19. Disclosure of Non-party Interested Entities or Persons

Plaintiff has filed its Certificate of Interested Entities or Person. Dkt. No 2. Pursuant to Civil L.R. 3-15, the following listed persons, associations of persons, firms, partnerships, corporations or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Strike 3 Holdings, LLC - Plaintiff; financial interest; (2) General Media Systems, LLC – owner of Plaintiff, Strike 3 Holdings, LLC.; financial interest; and (3) John Doe - Defendant; financial interest.

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

///

Dated: December 5, 2018                    Respectfully Submitted,


FOX ROTHSCHILD LLP                         MERSENNE LAW

*/s/ Lincoln D. Bandlow*                   */s/ David H. Madden*
Lincoln D. Bandlow, Esq. (CA #170449)      David H. Madden, Esq. (CA #226657)
10250 Constellation Blvd., Suite 900       9600 S.W. Oak Street
Los Angeles, CA 90067                      Suite 500
Tel.: (310) 598-4150                       Tigard, Oregon 97223
Fax: (310) 556-9828                        dhm@mersenne.com
lbandlow@foxrothschild.com                 (503)679-1671

*Attorneys for Plaintiff*                  *Attorneys for Defendant*


## ATTESTATION OF E-FILED SIGNATURES

I, Lincoln D. Bandlow, am the ECF user whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in this filing has been obtain from David H. Madden.


Dated: December 5, 2018                    */s/ Lincoln D. Bandlow*
                                           Lincoln D. Bandlow

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____              _____
                                        Hon. Edward M. Chen
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

I, hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on December 5, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

Dated: December 5, 2018                    */s/ Lincoln D. Bandlow*
                                           Lincoln D. Bandlow

Joint Case Management Statement & [Proposed] Order